NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL PENNINGTON PROCTOR, | No. 18-70657 |
| Petitioner, | |
| v. | MEMORANDUM[*] |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted September 12, 2019[**]

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Michael Pennington Proctor petitions pro se for review of the Department of

Homeland Security's ("DHS") order addressing his traveler inquiry. We have

jurisdiction under 49 U.S.C. § 46110. We review the agency's action under the

standard set forth in the Administrative Procedure Act. *MacLean v. DHS*, 543 F.3d

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1145, 1149–50 (9th Cir. 2008) (per curiam) (agency order may be set aside if it "is unconstitutional, contrary to law, arbitrary and capricious, *ultra vires*, or unsupported by substantial evidence"). We deny the petition for review.

Proctor submitted a traveler inquiry under DHS's Traveler Redress Inquiry Program ("DHS TRIP") for individuals who believe they have been "improperly or unfairly delayed or prohibited from boarding an aircraft," seeking information regarding his selection for enhanced screening at an airport. 49 C.F.R. § 1560.205(a). In response, he received a letter from DHS TRIP.

DHS TRIP's resolution of Proctor's traveler inquiry was not arbitrary or capricious. *See All. for the Wild Rockies v. U.S. Forest Serv.*, 907 F.3d 1105, 1112 (9th Cir. 2018). DHS TRIP addressed Proctor's request for information and reasonably crafted its letter to comply with the statutory prohibition against disclosure of sensitive security information. *See* 49 U.S.C. § 114(r)(1)(C) (authorizing prohibition against disclosure of information that would "be detrimental to the security of transportation"); 49 C.F.R. § 1520.5(b)(9) (including security screening information in the definition of sensitive security information). Neither the quick turnaround time for TSA TRIP's response to Proctor's redress inquiry nor the inconclusive nature of the response demonstrate that the agency acted arbitrarily and capriciously by failing sufficiently to consider or investigate Proctor's request for information. *See* 49 C.F.R. § 1560.205(d) (TSA TRIP must

2

conduct a review and provide a "timely written response"); *Angov v. Lynch*, 788 F.3d 893, 905 (9th Cir. 2015) (the acts of a government agency carrying out governmental responsibilities "are clothed with a presumption of regularity").

DHS TRIP did not deny Proctor due process because enhanced security screening does not implicate a protected liberty interest, and the traveler inquiry gave Proctor an opportunity to be heard. *See Franceschi v. Yee*, 887 F.3d 927, 935 (9th Cir.) (showing required for procedural due process claim), *cert. denied*, 139 S. Ct. 648 (2018); *Gilmore v. Gonzales*, 435 F.3d 1125, 1137 (9th Cir. 2006) (no fundamental right to travel by airplane and identification or more extensive searches of airline passengers are reasonable).

**PETITION FOR REVIEW DENIED.**